IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBIN CHAPMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL CASE NO. 2:23-cv-346-ECM |
| | ) [WO] |
| CITY OF MONTGOMERY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

Now pending before the Court is the Plaintiff's motion for default judgment against the Defendants, (doc. 16), filed on October 16, 2023. Federal Rule of Civil Procedure 55 governs the procedure for obtaining a default judgment and creates a two-step procedure for obtaining a default judgment against an unresponsive party. *See* Fed. R. Civ. P. 55. An entry of default must precede an entry of a default judgment. When a defendant "has failed to plead or otherwise defend," and the plaintiff demonstrates that failure, the clerk must enter the defendant's default. Fed. R. Civ. P. 55(a). After entry of default, the plaintiff "must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). The Plaintiff has not applied for entry of default against the Defendants pursuant to Fed. R. Civ. P. 55(a). Thus, the motion for entry of default judgment is premature.

Additionally, on October 16, 2023, the Defendants responded to the Plaintiff's motion for default judgment, (doc. 19), and moved for leave to file their answer out of time (doc. 18). The Court thus acknowledges that the adversarial process has no longer been

halted. *Flynn v. Angelucci Bros. & Sons, Inc.*, 448 F. Supp. 2d 193, 195 (D. D.C. 2006) ("While modern courts do not favor default judgments, they are certainly appropriate when the adversary process has been halted because of an essentially unresponsive party.") (citation omitted).

Accordingly, for the reasons as stated, and for good cause, it is

ORDERED that the motion for default judgment (doc. 16) is DENIED.

Done this 17th day of October, 2023.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE